UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD BRAXTON,

    Petitioner,

v.

                                            Case Number 06-12635
                                            Honorable Thomas L. Ludington

RAYMOND BOOKER,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS</u>**

       Petitioner Harold Braxton, presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Wayne County Circuit Court of one count of second-degree murder, Mich. Comp Laws § 750.317; and one count of possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp Laws § 750.227b. Petitioner was sentenced to life imprisonment on the second-degree murder conviction and received a consecutive two year prison term on the felony-firearm conviction. Petitioner alleges that the trial court violated his constitutional rights by admitting his confession into evidence, by informing the jury that he was being held in jail pending trial, by admitting "grizzly" photographs of the crime victim, by employing the "struck jury method" for peremptory challenges, by giving erroneous instructions on the intent element for second-degree murder, by giving a defective instruction on reasonable doubt, by failing to instruct the jury on the lesser offenses of voluntary or involuntary manslaughter, by refusing to instruct the jury on the alternative defense of self-defense, by miscoring the sentencing guidelines, and by imposing a life sentence. The respondent has filed an answer to the petition, asserting that the claims are procedurally defaulted and/or lack merit. The Court agrees that

Petitioner's claims are either meritless or procedurally defaulted, therefore the petition will be denied.

I.

Petitioner was convicted following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with his co-defendant Jamaun Stone. Because the Michigan Court of Appeals provided a detailed statement of facts in its opinion affirming Petitioner's conviction, this Court will recite the facts of the case verbatim from that opinion. *See e.g. Marsack v. Howes,* 300 F. Supp. 2d 483, 486-87 (E.D. Mich. 2004):

> Defendant's convictions arise from an incident following a street argument in Detroit. A group of men had gathered on a Detroit street and were engaged in peaceful activities. A sudden argument erupted, however, and Ainslie Woodward drove away from the area in his van. Three individuals followed him in a blue car. After Woodward stopped at an intersection, the occupants of the blue car began shooting into Woodward's van. Woodward died from eleven gunshot wounds. Defendant gave a statement to the police in which he described the argument and admitted that he and Jamuan Stone began shooting because he thought Woodward was going to stick a gun out the van's window. No weapon was found in the van, and no one saw anything removed from the van. At trial, defendant presented an alibi defense.

*People v Braxton*, No. 232830, * 1 (Mich.Ct. App. July 8, 2003).

Petitioner's conviction was affirmed on appeal. *Id.* (Cooper, J., dissenting). In *lieu* of granting leave to appeal, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals to determine whether there was a reasonable likelihood that the jurors applied the trial court's reasonable doubt instruction in a manner that lowered the prosecution's burden of proof. The Michigan Supreme Court denied Petitioner's application for leave to appeal with respect to his remaining claims. *People v. Braxton,* 470 Mich. 872, 687 N.W. 2d 292 (2004). On remand, the Michigan Court of Appeals again affirmed Petitioner's conviction. *People v Braxton*, No. 232830

(On Remand)(Mich.Ct. App. October 21, 2004)(Cooper J., dissenting). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Braxton,* 472 Mich. 927, 697 N.W.2d 525 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court abused its discretion in admitting the written confession of [Petitioner] which was obtained from [Petitioner] without a knowing and voluntary waiver of his rights and by use of trickery on behalf of the police department, thereby denying [Petitioner] due process of law, in violation of the Fifth and Fourteenth Amendment to the federal constitution.

II. The trial court denied [Petitioner] his right to a fair trial by informing the jury that he was being held in the jail pending trial, after the prosecutor elicited testimony that a witness had visited co-defendant Stone while in jail, thereby denying him due process, in violation of the Fifth and Fourteenth Amendments to the Federal Constitution.

III. Admission of the grizzly photographs of the crime victim, which were irrelevant and cumulative, amounted to reversible error in that they did not aid the trier of fact, and merely inflamed the passions of the jury, thereby denying [Petitioner's] due process, in violation of the Fifth and Fourteenth Amendments to the Federal Constitution.

IV. The required exercise of multiple peremptory challenges for the examination of each newly seated juror was a variant of the "struck juror method" of jury selection which deprived [Petitioner] of the right to due process, in violation of the Fifth and Fourteenth Amendments to the Federal Constitution.

V. The trial court committed reversible error in its instruction to the jury regarding the intent element for second-degree murder, thereby denying [Petitioner] the right to a properly instructed jury, in violation of the Sixth and Fourteenth Amendments to the Federal Constitution.

VI. The trial court committed reversible error in erroneously instructing the jury on the concept of reasonable doubt and erroneously instructed the jury that they would have a "duty" to convict [Petitioner] in certain situations, in violation of Petitioner's Fifth and Fourteenth Amendments to the Federal Constitution.

VII. The trial court erred when it failed to instruct the jury on the lesser included offense of manslaughter when the evidence presented at trial would have supported the conviction for voluntary or involuntary manslaughter, thereby denying the [Petitioner's] due process, in violation of the Fifth and Fourteenth Amendments to the Federal Constitution.

VIII. The trial court committed reversible error when it refused to instruct the jury on the alternative defense of self-defense, in violation of [Ptitioner's] due process right to have the jury instructed on all defenses supported by the evidence.

IX. Petitioner is entitled to be resentenced before a different judge because offense variables 2 and 3 of the statutory sentencing guidelines [were misscored] or grant a resentencing, despite the fact that the life sentence imposed in this case exceeds the correct sentencing guidelines range.

X. The imposition of a life sentence on [Petitioner's] conviction is grossly disproportionate in light of the offense and the offender since it exceeds the sentencing guidelines' range and amounts to the absolute maximum sentence allowable under the law, thereby denying Petitioner the right to due process at sentencing, in violation of the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution.

## II.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas

-4-

court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

III.

A.

Petitioner first claims that the trial court erred in refusing to suppress his confession, on the ground that he was not advised of his *Miranda* rights and that his statement had been induced by false promises of leniency.

Prior to trial, the trial court conducted a *Walker* hearing on Petitioner's motion to suppress his confession.[1] Officer Barbara Simon, the police investigator who took Petitioner's statement, testified that she had him read the police department's advice of rights form to her, and that he subsequently initialed each right. After advising Petitioner of his constitutional rights, Officer Simon took a 5-1/2 page statement, which he signed in a number of places. Officer Simon testified that Petitioner had no difficulty reading or understanding his rights, that he did not appear to be under the influence of any intoxicants, that he seemed to understand her questions and comments, and that she had no trouble understanding defendant. Officer Simon denied making any promises or threats, or abusing Petitioner physically or verbally.

Petitioner testified that Officer Simon told him that he would go to prison for life if he did not cooperate with the police. Petitioner further claimed that Officer Simon and another police officer promised that he would not be charged with murder if he gave them a statement. Petitioner acknowledged that his initials were on the advice of rights form, but claimed that he was advised

---

[1] *People v. Walker (On Rehearing),* 374 Mich. 331; 132 N.W. 2d 87 (1965).

of his rights only after making the inculpatory statement.

The trial court judge denied Petitioner's motion to suppress the confession, finding Petitioner's testimony to be incredible. The trial court judge several times indicated that he didn't believe a word that Petitioner said and further found that the police had advised Petitioner of his *Miranda* rights and had followed the rules with respect to obtaining a confession. (T., 10/20/2000, pp. 31-32).

The Michigan Court of Appeals upheld the trial court's decision, finding that the trial court was in a superior position to assess the credibility of the witnesses at the suppression hearing. *Braxton,* Slip. Op. at * 2.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). In this case, the state trial court's finding that police made no threats or promises and used no coercion to induce an incriminating statement from Petitioner, so that his statement was voluntarily made, is entitled to the presumption of correctness, because Petitioner has failed to present clear and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997). Because Petitioner has failed to present clear and convincing evidence to rebut this presumption, he is not entitled to challenge the trial court's credibility determination concerning the voluntariness of his confession on habeas review. *See Walendzinski v. Renico,* 354

F. Supp. 2d 752, 760 (E.D. Mich. 2005).

Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 Fed. Appx. 406, 412 (6th Cir. 2004); *See also Terry v. Bock,* 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002). In this case, Petitioner is not entitled to habeas relief, because he has failed to offer any evidence, clear and convincing or otherwise, to rebut the findings by the Michigan courts that he understood the rights that were read to him, so as to entitle him to habeas relief. *Williams,* 117 Fed. Appx. at 412.

B.

Petitioner next contends that the trial court judge improperly referred to the fact that he was incarcerated pending trial. When a prosecution witness testified that she had visited the co-defendant in jail, the co-defendant's counsel objected. The trial court judge overruled the objection, stating "[e]verybody knows that both of these gentlemen are being held." Although the Michigan Court of Appeals agreed that it was erroneous for the trial judge to refer to Petitioner's pre-trial incarceration, the court further found that he was not actually prejudiced by this isolated remark so as to be entitled to reversal of his conviction. *Braxton,* Slip. Op. at * 2-3.

"[U]nless they amount to constitutional violations, prejudicial comments and conduct by a judge in a criminal trial are not proper subjects for collateral attack on a conviction." *McBee v. Grant,* 763 F. 2d 811, 818 (6th Cir. 1985)(*quoting Brinlee v. Crisp*, 608 F. 2d 839, 853 (10th Cir.1979). A trial judge's intervention in the conduct of a criminal trial would have to reach a

significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *Id.*.

In this case, any fleeting reference to Petitioner's incarceration while awaiting trial did not render his trial fundamentally unfair, where there was no suggestion that Petitioner was incarcerated for a prior conviction. *See e.g. Tolbert v. LeCureaux,* 811 F. Supp. 1237, 1244 (E.D. Mich. 1993). Moreover, in light of the evidence in this case, any comment concerning Petitioner's pre-trial incarceration did not have a substantial and injurious effect on his case so as to entitle him to habeas relief. *Id.*

C.

Petitioner next contends that the trial court erred in admitting a photograph of the interior of the victim's van, which showed broken glass and blood.

It is well settled that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial.*" Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994). Petitioner's claim that the trial court admitted "gizzly" photographs of the murder scene fails to state a claim upon which habeas relief can be granted. *See Cooey v. Coyle,* 289 F. 3d 882, 893-94 (6th Cir. 2002)(internal citation omitted).

D.

The Court will discuss Petitioner's fourth and fifth claims together for the purpose of judicial economy. In his fourth claim, Petitioner contends that the trial court improperly used the "struck jury method" of selecting jurors. In his fifth claim, Petitioner contends that the trial court judge gave a faulty instruction on the intent element required for second-degree murder. Respondent contends that both claims are procedurally defaulted.

The Michigan Court of Appeals found that Petitioner's fourth claim involving the "struck jury method" was unpreserved and would be reviewed solely for plain error, because he contributed to the error by using the "struck jury method" of his own volition. *Braxton,* Slip. Op. at * 4 (citing *People v. Griffin,* 235 Mich. App. 27, 46; 597 N.W. 2d 176 (1999)). Likewise, the Michigan Court of Appeals found that Petitioner's fifth claim of instructional error would be reviewed for plain error, because he failed to object to the court's instruction. *Braxton,* Slip. Op. at * 6.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 752, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at the trial court level to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,*

456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman,* 94 F. 3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F. 3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle,* 260 F. 3d 684, 693 (6th Cir. 2001). In addition, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground[ ] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F. 3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna,* 534 U.S. 362, 375 (2002). If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F. 3d at 161; *Williams v. Withrow,* 328 F. Supp. 2d 735, 750 (E.D. Mich. 2004).

In this case, the Michigan Court of Appeals clearly indicated that by failing to challenge the "struck jury method" and instead using it of his own volition, Petitioner had waived review of his fourth claim. The Michigan Court of Appeals likewise held that by failing to object at trial, Petitioner had not preserved his fifth claim involving instructional error. The fact that the Michigan

Court of Appeals engaged in plain error review of Petitioner's fourth and fifth claims does not constitute a waiver of the state procedural default. *See Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Petitioner's claims for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *See also Gravley v. Mills,* 87 F. 3d 779, 784-85 (6th Cir. 1996). With respect to Petitioner's fourth and fifth claims, he has neither alleged nor established cause to excuse his procedural default. When cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533 (1986*);Long v. McKeen,* 722 F. 2d 286, 289 (6th Cir. 1983).

Further, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires [a] petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has made no such showing in this case. His fourth and fifth claims are barred by procedural default and do not warrant habeas

relief.

E.

Petitioner next contends that the trial court's reasonable doubt instruction was defective. The trial court judge gave the following definition on reasonable doubt:

> Now, I think I briefly explained to you about the meaning of reasonable doubt. Reasonable doubt is defined as exactly what the word specified. Doubt that is based on reason, on common sense. There is nothing mysterious about any of the words. It's English language.
>
> And a reasonable doubt means a doubt that's based on reason and common sense. A fair, honest and reasonable doubt. A doubt that you should have a-that you have a reason for having.
>
> Now, reasonable doubt is not merely an imaginary, ficticious [ sic ] or flimsy doubt. It's not a hunch or a feeling or a possibility of innocence. It's a fair, honest and reasonable doubt. A doubt that's based on reason and common sense. And you decide that by applying your everyday experience and common sense to help you decide if such a reasonable doubt exist (sic).
>
> If you have a reasonable doubt, it is your duty to acquit the defendant. If you do not have a reasonable doubt, you should- it's your duty to convict the defendant."
> (Trial Tr. 12-7-2000, pp. 106-07).

Petitioner contends that the reasonable doubt instruction was defective because it defined a reasonable doubt as a doubt for which the jurors would need a reason for having. Petitioner also claims that the instruction was unconstitutional because it advised the jurors that they had a duty to convict him if they found that the prosecution had proven his guilt beyond a reasonable doubt.

Jury instructions must be read in their entirety to ensure that the instructions, read as a whole, correctly convey the reasonable doubt concept to the jury. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 973 (E.D. Mich. 1999). The proper inquiry for a court reviewing a reasonable doubt instruction is not whether the jury instruction could have been applied unconstitutionally, but whether there is a

reasonable likelihood that the jury did apply the jury instruction in an unconstitutional manner. *Victor v. Nebraska*, 511 U.S. 1, 6 (1994). The Due Process Clause of the Fourteenth Amendment neither prohibits a trial court from defining reasonable doubt nor does it require it to define reasonable doubt as a matter of course, so long as the trial court instructs the jury on the necessity that the defendant's guilt must be proven beyond a reasonable doubt. *Victor,* 511 U.S. at 5; *Ferrazza,* 36 F. Supp. 2d at 973.

When viewed in its entirety, the trial court's instruction adequately informed the jurors about the concept of reasonable doubt. When viewed in the context of the instructions as a whole, the trial court's instruction that the jurors needed to have "a reason" for their doubt did not lower the prosecution's burden of proof because the instruction merely conveyed to the jury that a reasonable doubt must be based on reason, as opposed to fancy, whim, or conjecture. *See Paluskas v. Bock,* 410 F. Supp. 2d 602, 612 (E.D. Mich. 2006). Likewise, the trial court's instruction to the jury that they had a duty to convict Petitioner if they found that the prosecution had proven his guilt beyond a reasonable doubt merely "clarified the jury's responsibility upon making the described factual determination." *United States v. Pierre,* 974 F. 2d 1355, 1357 (D.C. Cir. 1992)(internal quotation omitted); *See also Rogers v. Howes,* 64 Fed. Appx. 450, 455-56 (6th Cir. 2003)(upholding reasonable doubt instruction that included language that jury had duty to convict defendant if they had no reasonable doubt as to his guilt); *Cf. Burton v. Renico,* 391 F. 3d 764, 781-82 (6th Cir. 2004)(prosecutor's statements during *voir dire* indicating that if the jurors determined beyond a reasonable doubt that defendant had committed murder then they would be under a duty to convict defendant were not improper).

In this case, the trial judge gave the jurors a lengthy instruction that adequately explained

the concept of reasonable doubt and emphasized that the prosecutor bore the burden of proof. The trial court also instructed the jury that (1) Petitioner was presumed innocent; (2) the burden of proof never shifted from the prosecution; (3) Petitioner was not required to come forward with any evidence; and (4) a failure to prove guilt beyond a reasonable doubt must result in an acquittal. (T. 12/7/2000, pp. 105-07). Petitioner is therefore not entitled to habeas relief on his sixth claim. *Paluskas,* 410 F. Supp. 2d at 614; *Ferrazza,* 36 F. Supp. 2d at 976.

F.

Petitioner next contends that the trial court judge violated his right to a fair trial by failing to instruct the jury on the lesser included offense of manslaughter.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id. Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002). Petitioner is not entitled to habeas relief on his seventh claim.

G.

Petitioner next contends that the trial court erred in refusing to instruct the jury on his alternative defense of self-defense. The Michigan Court of Appeals rejected Petitioner's claim, finding that the trial court did not err in declining Petitioner's requested instruction on self-defense, in light of the fact that he presented an alibi defense at trial. *Braxton,* Slip. Op. at * 10.

A criminal defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor, including the defense of self-defense. *See Taylor v. Withrow,* 288 F. 3d 846, 852 (6th Cir. 2002). "[U]nder Michigan law, however, '[a] finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally but that the circumstances justified his actions.'" *Id.* at 853 (quoting *People v. Heflin*, 434 Mich. 482; 456 N.W.2d 10, 19 (1990)). The courts in Michigan do not allow a criminal defendant to claim justified self-defense as a defense to homicide unless the defendant claims the killing was intentional. *Id.*

In the present case, Petitioner presented an alibi defense at trial. Under Michigan law, there was no basis to give the jury an instruction on self-defense, since a self-defense theory would have been inherently contradictory with Petitioner's alibi defense. *See People v. Burwick,* 133 Mich. App. 141, 148-49; 348 N.W. 2d 307 (1984). In light of the fact that Petitioner presented an alibi defense at trial, the state trial court's refusal to instruct the jury on self-defense was not an unreasonable application of clearly established law so as to entitle Petitioner to habeas relief. *Taylor,* 288 F. 3d at 853-54. In *Taylor*, the habeas court denied that relief where a state trial court refused to instruct the jury on self-defense, in the absence of any evidence of self-defense. The habeas court held that the state court's ruling did not involve either an unreasonable determination of the facts or an

unreasonable application of clearly established federal law, so a to warrant grant of habeas corpus, because the petitioner testified at trial that he pulled his gun as a defensive act, that he did not intentionally shoot the victim to defend himself, but that the gun discharged accidently. *Id*.

H.

The Court will discuss Petitioner's ninth and tenth claims involving sentencing together. In his ninth claim, Petitioner contends that the trial court judge improperly scored several of the sentencing guidelines variables under the Michigan Sentencing Guidelines and improperly departed above the sentencing guidelines range. In his tenth claim, Petitioner contends that the life sentence imposed for his second-degree murder conviction was grossly disproportionate.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's related claim that the state trial court improperly departed above the correct sentencing guidelines range would likewise not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).

In his tenth claim, Petitioner alleges that his sentence of life imprisonment for second-degree murder is grossly disproportionate and constitutes cruel and unusual punishment.

A sentence imposed within the statutory limits is not generally subject to habeas review.

*Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). To the extent that Petitioner argues that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 213 F. 3d 298, 300 (6th Cir. 2000). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F. 3d 253, 261 (6th Cir. 1995).

Petitioner also is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin,* 213 F.3d at 302 (internal quotation omitted). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F. 3d at 261.

In the present case, the challenged sentence fell within the maximum sentence set by state law for second-degree murder. Morever, because the U.S. Supreme Court in *Harmelin* concluded that a sentence of life imprisonment without parole for the offense of possession of more than 650 grams of cocaine was constitutional, this Court concludes that Petitioner's parolable life sentence for second-degree murder is not extreme or grossly disproportionate to the offense or to the offender. *Welch v. Burke,* 49 F. Supp. at 1010. Accordingly, Petitioner is not entitled to habeas relief on his final claim.

### III.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

IV.

The decision of the Michigan appellate courts was not contrary to, or an unreasonable application of clearly established federal law as to determined by the United States Supreme Court. Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED.**

                                                             s/Thomas L. Ludington  
                                                             THOMAS L. LUDINGTON  
                                                             United States District Judge

Dated: August 15, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2007.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS